**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **KEVIN S. PERRIN** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | **CIVIL ACTION NO. 4:08-CV-046-Y** |
| **TARGET NATIONAL BANK F/K/A** | § | |
| **RETAILERS NATIONAL BANK** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

# BRIEF IN SUPPORT OF DEFENDANT TARGET NATIONAL BANK'S <u>MOTION TO DISMISS</u>

### TABLE OF CONTENTS

Contents ................................................................................ ii

Authorities.............................................................................. iii

Introduction............................................................................1

Issues ...................................................................................1

Facts   ...................................................................................3

Law    ...................................................................................3

Argument ...............................................................................4

I.      Federal law preempts the Plaintiff's claims, and this Court can so decide
        before reaching the merits. .............................................................5

        A.      The Fair Credit Reporting Act preempts the Plaintiff's state-law
                claims...............................................................................5

        B.      The Fair Credit Reporting Act provides for administrative
                enforcement as the exclusive remedy for Target's alleged
                violations...........................................................................7

        C.      The claims for violation of the discharge injunction belong in
                bankruptcy court. .............................................................10

II.     The complaint fails to state a claim upon which relief can be granted.
        ...................................................................................11

        A.      Target's credit reporting was not an act of debt collection.11

        B.      Target's lack of malice preempts the claim for defamation.13

Conclusion ...............................................................................14

## Authorities

**Constitutional Provisions**

Supremacy Clause, U.S. Const., art. VI, ¶ 2 ...................................................................... 4

**Statutes**

15 U.S.C. § 1681(e) ................................................................................................................ 8
15 U.S.C. § 1681s(c) ......................................................................................................... 7, 8
15 U.S.C. § 1681s-2(a) ................................................................................................. 6, 7, 10
15 U.S.C. § 1681s-2(b) ........................................................................................................... 9
15 U.S.C. § 1681s-2(c)(1) ................................................................................................. 7, 8
15 U.S.C. § 1681t(b)(1)(F) ........................................................................................ 5, 6, 13
15 U.S.C. §§ 1681n–o .......................................................................................................... 7
Bankruptcy Code ......................................................................................................... 11, 12

**Regulations**

16 C.F.R. pt. 600, App., intro. ¶ 1 ...................................................................................... 8

**Rules**

Fed. R. Civ. P. 12 .................................................................................................................. 3
Fed. R. Civ. P. 12(b) ............................................................................................................. 3

**Cases**

*Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97 (5th Cir. 1974) ........................ 3
*Blackburn v. City of Marshall*, 42 F.3d 925 (5th Cir. 1995) ............................................... 3
*Danna v. Air France*, 334 F. Supp. 52 (S.D.N.Y. 1971) .................................................... 9
*Drs. Bethea, Moustoukas v. St. Paul Guardian Ins.*, 376 F.3d 399 (5th Cir. 2004) ....... 3, 5
*EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466 (5th Cir. 2006)
.................................................................................................................................... 5
*Fernandez-Montez v. Allied Pilots Ass'n*, 987 F.2d 278 (5th Cir. 1993) ....................... 3, 5
*In re Bruno*, 356 B.R. 89 (W.D.N.Y. Bankr. 2006) ........................................................... 9
*In re Irby*, 337 B.R. 293 (N.D. Ohio Bankr. 2005) .......................................................... 12
*In re Jones*, 367 B.R. 564 (E.D. Va. Bankr. 2007) ........................................................... 12
*In re Mahoney*, 368 B.R. 579 (W.D. Tex. 2007) .............................................................. 11
*In re Miller*, 2003 WL 25273851 (D. Idaho Bankr. Aug. 15, 2003) ................................ 12
*In re Mogg*, 2007 WL 2608501 (S.D. Ill. Bankr. Sept. 5, 2007) ..................................... 12
*In re Nat'l Gypsum Co.*, 118 F.3d 1056 (5th Cir. 1997) ................................................... 10
*In re Polysat*, 152 B.R. 886 (E.D. Pa. Bankr. 1993) ........................................................ 10
*In re Reeves*, 369 B.R. 338 (N.D. Ohio Bankr. 2007) ...................................................... 12
*In re Vogt*, 257 B.R. 65 (D. Colo. Bankr. 2000) ............................................................... 12
*In re Wood*, 825 F.2d 90 (5th Cir. 1987) .......................................................................... 10
*Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167 (2005) ............................................... 3
*Jeanmarie v. United States*, 242 F.3d 600 (5th Cir. 2001) ........................................... 3, 5
*Jones v. Alcoa Inc.*, 339 F.3d 359 (5th Cir. 2003) ............................................................. 3

*Kansa Reins. Co. v. Congressional Mortgage Corp.*, 20 F.3d 1362, 1366 (5th Cir. 1994)3, 5

*Love Terminal Partners, L.P. v. City of Dallas, Tex.*, ___ F. Supp. 2d ___, 2007 WL 3196307 (N.D. Tex. Oct. 31, 2007) ........................................................................................... 5

*Lovick v. Ritemoney Ltd.*, 378 F.3d 433 (5th Cir. 2004).................................................. 3, 5

*Maloney v. LVNV Funding LLC*, 2006 WL 3006484 (N.D. Tex. Oct. 20, 2006)............. 13

*Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417 (6th Cir. 2000) ................................... 11

*Rios v. City of Del Rio, Tex.*, 444 F.3d 417 (5th Cir. 2006)........................................... 3, 5

*Songbyrd, Inc. v. Bearsville Records, Inc.*, 104 F.3d 773 (5th Cir. 1997)........................ 5

*Summit Health, Ltd. v. Pinhas*, 500 U.S. 322 (1991)........................................................ 3

*Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502 (9th Cir. 2002) .................................... 11

**Treatises**

2 James W. Moore et al., *Moore's Federal Practice* § 12.34[4][b] (3d ed. 2006)............. 5

5A Charles A Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (1990) 5

**Other Authorities**

Debra Lee Hovatte, *Sommersdorf's Progeny: Can Wrong Credit Report Trigger a Debtor Claim Under the Code?*, Am. Bankr. Inst. J. 14 (2007) ....................................................... 12

**Introduction**

Target[1] moves this Court under Rule 12(b) for dismissal for failure to state a claim upon which relief can be granted. Target respectfully submits this brief in support of its motion

**Issues**

1.      Under federal law, "[n]o requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under [15 U.S.C. § 1681s-2]." Target's alleged violation of Texas law results from "[f]ailing to update the account(s) as mandated by 15 U.S.C. § 1681s-2 (a)." Does federal law preempt the Plaintiff's state-law claims?

2.      Enforcement of section 1681s-2(a) can occur only in an action brought by "the chief law enforcement officer of a State, or an official or agency designated by a State." Target's alleged violations all occurred under section 1681s-2(a). Is administrative enforcement the exclusive remedy for those alleged violations?

3.      The Plaintiff allegedly "suffered additional damages" from Target's alleged post-discharge conduct, above and beyond "the inherent negative effects of filing for bankruptcy." Such claims are core proceedings "arising under title 11" because they "call on a bankruptcy court to construe and enforce its own orders." The bankruptcy court's discharge order and jurisdiction appear in the pleadings. Can the Plaintiff's claims support a private civil action outside the bankruptcy proceedings?

---

[1]For this memorandum's purposes, "Target" means Defendant Target National Bank, formerly known as Retailers National Bank.

4.      The "reporting of a debt to a credit reporting agency — without any evidence of harassment, coercion, or some other linkage to show that the act is one likely to be effective as a debt collection device" does not violate a bankruptcy-discharge injunction. Target's credit-reporting activity was allegedly unlawful only because it didn't properly reflect the Plaintiff's discharge. Does the complaint state a claim upon which relief can be granted?

5.      The Fair Credit Reporting Act provides that "no consumer may bring any action or proceeding in the nature of defamation . . . except as to false information furnished with malice or willful intent to injure." The Plaintiff has peppered his complaint with averments about Target's state of mind. But if Target acted lawfully and the averments of malice fail as a matter of law, does the Act preempt the claim for defamation?

**Facts**

On a motion for dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the court "must assume the truth of the material facts as alleged in the complaint."[2] But the court need not accept "conclusions of law"[3] or "conclusory allegations or legal conclusions masquerading as factual conclusions,"[4] and may likewise disregard "unwarranted deductions of fact,"[5] even when pleaded as factual averments. Such averments "will not suffice to prevent a motion to dismiss."[6] And a court "need not resolve unclear questions of law in favor of the plaintiff."[7]

**Law**

Rule 12 provides that:

> Every defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted . . . . A motion making any of these defenses shall be made before pleading if a further pleading is permitted.[8]

---

[2]*Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 171 (2005) (quoting *Summit Health, Ltd. v. Pinhas*, 500 U.S. 322, 325 (1991)).

[3]*Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974).

[4]*Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 & n.2 (5th Cir. 2006) (quoting *Drs. Bethea, Moustoukas v. St. Paul Guardian Ins.*, 376 F.3d 399, 403 (5th Cir. 2004); *Fernandez-Montez v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)); *accord Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004) ("we may not rely upon conclusional allegations or legal conclusions disguised as factual allegations" (quoting *Jeanmarie v. United States*, 242 F.3d 600, 602–03 (5th Cir. 2001))).

[5]*Rios*, 444 F.3d at 421 n.2 (citing & quoting *Jones v. Alcoa Inc.*, 339 F.3d 359, 363 n.4 (5th Cir. 2003)).

[6]*Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (quoting *Fernandez-Montez*, 987 F.2d at 284).

[7]*Kansa Reins. Co. v. Congressional Mortgage Corp.*, 20 F.3d 1362, 1366 (5th Cir. 1994).

[8]Fed. R. Civ. P. 12(b) (defenses—how presented).

3

## Argument

The Plaintiff's petition[9] complains—

- that Target "engaged in debt collection activity against Mr. Perrin by reporting to the credit bureaus that he was still personally liable for the balance due on the account in question despite the fact that the account was discharged,"[10] and thereby violated the bankruptcy-discharge injunction[11] as well as four Texas statutes;[12]

- that Target "has willfully and maliciously failed to report the account as having a '0' balance as required by 16 CFR § 607(6)";[13] and

- that Target breached "an absolute duty under 15 U.S.C. § 1681s-2(a), to report the account as 'discharged in bankruptcy,' report a zero balance due and report the account as closed,"[14] and thus violated the same four Texas statutes in that manner as well.[15]

Those claims each turn upon a misinterpretation or misapplication of federal law — which, when interpreted and applied correctly, defeats the claims. But before the Court reaches the claims on their merits, several threshold issues defeat the claims under the Supremacy Clause.[16]

---

[9]For this memorandum's purposes, the "complaint" refers to the Plaintiff's Original Petition.

[10]Pl.'s Original Pet., ¶ 15 at 4.

[11]*See id.*, ¶¶ 17–21 at 5–6; *id.*, ¶ 24 at 6.

[12]*Id.*, ¶ 20 at 6.

[13]*Id.*, ¶ 27 at 7.

[14]*Id.*, ¶ 20 at 5–6.

[15]*Id.* at 6; *id.*, ¶¶ 28–32 at 7–8.

[16]U.S. Const., art. VI, ¶ 2.

I.      **Federal law preempts the Plaintiff's claims, and this Court can so decide before reaching the merits.**

These threshold issues involve federal preemption of state law, which is ordinarily an affirmative defense. But "dismissal under rule 12(b)(6) may be appropriate based on a successful affirmative defense" if "that defense . . . appear[s] on the face of the complaint."[17] The grounds for preemption here do appear on the complaint's face.

A.      **The Fair Credit Reporting Act preempts the Plaintiff's state-law claims.**

The complaint contains several legal conclusions, "masquerading as factual conclusions,"[18] in a vigorous effort to avoid federal jurisdiction.[19] Nevertheless, the Fair Credit Reporting Act preempts the Plaintiff's state-law claims.

The complaint organizes its claims into four counts: a claim under the Texas Finance Code,[20] a claim for defamation,[21] a claim for declaratory relief,[22] and a claim for the "common

---

[17]*EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 470 (5th Cir. 2006) (citing 2 James W. Moore et al., *Moore's Federal Practice* § 12.34[4][b] at 12-74 (3d ed. 2006) (citing *Kansa Reins. Co. v. Congressional Mortgage Corp.*, 20 F.3d 1362, 1366 (5th Cir. 1994))); *accord Songbyrd, Inc. v. Bearsville Records, Inc.*, 104 F.3d 773, 775 n.3 (5th Cir. 1997) ("certain affirmative defenses that clearly appear on the face of the plaintiff's complaint . . . may properly be asserted in a Rule 12(b)(6) motion" (citing *Kansa Reins. Co.*; 5A Charles A Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 at 352 (1990))); *Love Terminal Partners, L.P. v. City of Dallas, Tex.*, ___ F. Supp. 2d ___, 2007 WL 3196307, at *7 (N.D. Tex. Oct. 31, 2007) (quoting *Kansa Reins. Co.*).

[18]*See Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 & n.2 (5th Cir. 2006) (quoting *Drs. Bethea, Moustoukas v. St. Paul Guardian Ins.*, 376 F.3d 399, 403 (5th Cir. 2004); *Fernandez-Montez v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)); *accord Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004) ("we may not rely upon conclusional allegations or legal conclusions disguised as factual allegations" (quoting *Jeanmarie v. United States*, 242 F.3d 600, 602–03 (5th Cir. 2001))).

[19]*See, e.g.*, Pl.'s Original Petition, ¶ 64 at 14 ("The above Texas Finance Code provisions are not preempted by the Fair Credit Reporting Act . . . ."); *id.*, ¶ 70 at 15 ("15 U.S.C. § 1681t(b)(1)(F) does not preclude or preempt Plaintiff's state law claim for defamation under Texas law."); *see also id.*, ¶ 57 at 13 ("Plaintiff hereby waives any recovery in excess of $75,000.00 inclusive of attorneys' fees.").

[20]*Id.*, ¶¶ 58–64 at 13–14.

[21]*Id.* count II, ¶¶ 65–71 at 14–15.

Case 4:08-cv-00046-Y   Document 7   Filed 02/01/08   Page 10 of 20   PageID 69


law tort of unreasonable collection."[23] But all four claims depend upon a common assumption: that Target's credit-reporting activity somehow violated the Fair Credit Reporting Act,[24] and thereby violated Target's statutory and common-law duties to the Plaintiff under Texas law.[25]

Target's alleged violation of Texas law results, according to the Plaintiff, from "[f]ailing to update the account(s) as mandated by 15 U.S.C. § 1681s-2 (a),"[26] the provision within the Fair Credit Reporting Act that establishes the "duty of furnishers of information to provide accurate information" to consumer reporting agencies.[27] The Plaintiff's conclusory assumption that Target's credit-reporting activity somehow violated that provision is wrong as a matter of law, as this brief will argue below. But even if the Plaintiff's assumption were correct, it could not support any liability under Texas law, because under the Fair Credit Reporting Act, "[n]o requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies."[28]

The Fair Credit Reporting Act therefore preempts the Plaintiff's claims, all of which involve some "requirement or prohibition . . . under the laws of" Texas "with respect to . . . the responsibilities of persons who furnish information to consumer reporting agencies."

---

[22]*Id.* count III, ¶¶ 72–74 at 15.

[23]*Id.* count IV, ¶ 75 at 16.

[24]*See id.* ¶ 20 at 5–6 ("Failing to update the account(s) as mandated by 15 U.S.C. § 1681s-2(a) was an act to collect a debt in violation of Tex. Fin Code. §§ 391.002, Tex. Fin. Code § 392.301(a)(8), Tex. Fin. Code § 392.304(a)(8), and Tex. Fin. Code § 392.304(a)(19)."); *see also id.*, ¶¶ 27–28 at 7; *id.*, ¶ 39 at 9 ("It is a practice of defendant to maliciously, recklessly, wantonly, and/or negligently violate, ignore, and refuse to follow the requirements of the federal and state law.").

[25]*See, e.g., id.*, ¶ 20 at 5–6; *id.*, ¶¶ 29-32 at 8; *id.*, ¶ 39 at 9 ("federal and state law"); *id.*, ¶ 56 at 12; *id.*, ¶¶ 59–64 at 13–14.

[26]*Id.*, ¶ 20 at 5–6.

[27]15 U.S.C. § 1681s-2(a) (caption).

[28]15 U.S.C. § 1681t(b)(1)(F).

B.      **The Fair Credit Reporting Act provides for administrative enforcement as the exclusive remedy for Target's alleged violations.**

The Fair Credit Reporting Act preempts the Plaintiff's state-law claims, and the inquiry should end there. But even if federal law didn't preempt those claims (which it does), the Plaintiff could not pursue those claims in a civil action, because the Fair Credit Reporting Act provides for administrative enforcement as the exclusive remedy for Target's alleged violations under 15 U.S.C. § 1681s-2(a).

The Fair Credit Reporting Act, codified in the United States Code at title 15, chapter 41, subchapter III, provides for civil liability through a private civil action in two sections: 15 U.S.C. §§ 1681n–o. But section 1681s-2, which establishes the "responsibilities of furnishers of information to consumer reporting agencies,"[29] and on Target's alleged violation of which all the Plaintiff's claims rest, provides that "sections 1681n and 1681o of this title do not apply to any violation of . . . subsection (a) of this section, including any regulations issued thereunder."[30] Enforcement of the provision that Target allegedly violated — section 1681s-2(a) — can occur only "as provided in section 1681s(c)(1)(B) of this title,"[31] which provides for enforcement by "the chief law enforcement officer of a State, or an official or agency designated by a State,"[32] who "may bring an action on behalf of the residents of the State"[33] to recover "damages for which the person would, but for section 1681s-2(c) of this title, be liable to such residents as a result of the violation"[34] of "any of paragraphs (1) through (3) of section 1681s-2(c) of this title."[35] Target's alleged violations all occurred under section 1681s-2(a), and therefore fall

---

[29] 15 U.S.C. § 1681s-2 (caption).
[30] *Id.* (c)(1) (limitation on liability).
[31] 15 U.S.C. § 1681s(c).
[32] *Id.* (c)(1) (State action for violations—authority of States).
[33] *Id.* (c)(1)(B).
[34] *Id.* (c)(1)(B)(ii).
[35] *Id.*

within the limitation of liability under section 1681s-2(c), so administrative enforcement is the exclusive remedy under section 1681s(c)(1)(B) for those alleged violations.

The Fair Credit Reporting Act's administrative-enforcement provision says that "sections 1681n and 1681o of this title do not apply to any violation of . . . subsection (a) of this section, *including any regulations issued thereunder*."[36] The complaint avers not only that Target violated the statute itself, but that it also violated "regulations issued thereunder": according to the complaint, Target

> willfully and maliciously failed to report the account as having a "0" balance as
> required by 16 CFR § 607(6), which states, "a consumer report may include an
> account that was discharged in bankruptcy (as well as the bankruptcy itself), as
> long as it reports a zero balance due to reflect the fact that the consumer is no
> longer liable for the discharged debt."[37]

But the alleged regulation isn't a regulation at all. There is no such provision as "16 CFR § 607(6)." The Plaintiff is actually quoting an administrative commentary which, by its own terms, "does not have the force or effect of regulations or statutory provisions."[38] More to the point, the commentary relates to a statutory provision that applies only to consumer reporting agencies, not to furnishers of information.[39]

The Fair Credit Reporting Act therefore provides for administrative enforcement as the exclusive remedy for Target's alleged violations. The Act's scheme does, by the way, provide in section 1681s-2(b) for a case where a consumer can bring a civil action directly against a furnisher of information — but only after the furnisher "receiv[es] notice . . . of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer

---

[36]15 U.S.C. § 1681s-2(c)(1) (limitation on liability) (emphasis added).
[37]Pl.'s Original Pet., ¶ 27 at 7.
[38]16 C.F.R. pt. 600, App., intro. ¶ 1.
[39]*See* Fair Credit Reporting Act § 607 (codified at 15 U.S.C. § 1681(e) (compliance procedures)).

8

reporting agency" and has had an opportunity for investigation.[40] Thus, a consumer (like the

Plaintiff) can sue a furnisher (like Target) directly, but only after notice to the furnisher and an

opportunity for the furnisher to investigate the consumer's dispute and modify the information

that the furnisher is reporting to a consumer reporting agency:

> if a debtor who has been discharged in bankruptcy wishes to avoid what the
> debtor asserts has occurred in this case [that it was Chase's responsibility to report
> to the credit reporting agency . . . that in fact there was no money remaining to be
> paid because it had been discharged in bankruptcy], then attorneys for bankruptcy
> debtors should be advising their clients, after the issuance of the bankruptcy
> discharge, to obtain a copy of their credit report or reports and follow the
> established procedures under those other Acts [including the Fair Credit
> Reporting Act] for updating the record, if they wish to do so.[41]

If the consumer does not follow the statutory procedures under section 1681s-2(b) and allow

such notice and opportunity, then under section 1681s-2(a) & (c) only administrative

enforcement is available for the alleged violation, and the consumer has no private right of

action.

Congress has prescribed a thorough federal regulatory scheme that exhaustively governs

Target's duties and the remedies for any alleged breach, and that regulatory scheme preempts the

Plaintiff's state-law claims.[42] The Fair Credit Reporting Act provides for administrative

enforcement as the exclusive remedy for Target's alleged violations, and the inquiry certainly

should end there.

---

[40]15 U.S.C. § 1681s-2(b) (duties of furnishers of information upon notice of dispute).

[41]*In re Bruno*, 356 B.R. 89, 92 (W.D.N.Y. Bankr. 2006).

[42]*See Danna v. Air France*, 334 F. Supp. 52, 59 (S.D.N.Y. 1971) ("It is not likely that the Congress would legislate a scheme under Federal agency aegis, aiming at uniformity, and at the same time permit the survival of State common law rights inconsistent therewith.").

C.    **The claims for violation of the discharge injunction belong in bankruptcy court.**

As a final matter at the threshold, the complaint repeatedly implies that Target somehow violated the discharge injunction in the Plaintiff's bankruptcy.[43] Whether or not the Plaintiff is directly claiming that Target violated the discharge injunction, he is claiming that he "has suffered additional damages and harm to his[] reputation" from Target's alleged post-discharge conduct, above and beyond "the inherent negative effects of filing for bankruptcy."[44] Such claims "could arise only in the context of a bankruptcy case," and are therefore core proceedings "arising under title 11"[45] because they "call on a bankruptcy court to construe and enforce its own orders."[46] Such a core bankruptcy proceeding is necessary because, among other reasons, the "discharge injunction grants a federal right to be free of collection efforts"[47] — the very argument that underlies all the Plaintiff's claims here.

---

[43]*See, e.g.*, Pl.'s Original Pet., ¶ 15 at 4 ("Following the May 27, 2004 discharge, the Defendant engaged in debt collection activity against Mr. Perrin by reporting to the credit bureaus that he was still personally liable for the balance due on the account in question despite the fact that the account was discharged"); *id.*, ¶ 17 at 5 ("These written statements sent by Defendant to one or more of the CRAs are incorrect, false, and defamatory because the alleged debt was discharged in bankruptcy"); *id.*, ¶ 18 ("Defendant if fully aware of how to report . . . that a debt has been discharged in bankruptcy."); *id.*, ¶ 19 ("The bankruptcy discharge changed the legal status of this account and defendant's current reporting of the account is a misrepresentation of the current legal status of this account."); *id.*, ¶ 20 ("When it received notice of Plaintiff's discharge, the defendant had an absolute duty under 15 U.S.C. § 1681s-2(a), to report the account as 'discharged in bankruptcy'"); *id.*, ¶ 26 at 7 ("Defendant . . . has willfully and maliciously refused to update Plaintiff's [account] and others who have received a discharge order"); *id.*, ¶ 53 at 12 ("Had the Defendant properly reported the debt as discharged, with a zero balance [] due, and listed the account as closed, Plaintiff would only have suffered the inherent negative effects of filing for bankruptcy.").

[44]*Id.*, ¶ 53 at 12.

[45]*In re Nat'l Gypsum Co.*, 118 F.3d 1056, 1062–64 (5th Cir. 1997) (quoting *In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987)).

[46]*Id.* at 1063 (citing *In re Polysat*, 152 B.R. 886, 888 (E.D. Pa. Bankr. 1993)).

[47]*Id.*

The Plaintiff's claims therefore belong in bankruptcy court, whose order and jurisdiction in the Plaintiff's case appear in the pleadings.[48] Those claims cannot support a private civil action outside the bankruptcy proceedings.[49]

II.     **The complaint fails to state a claim upon which relief can be granted.**

Federal law preempts the Plaintiff's claims, and the inquiry should have ended there. But the Plaintiff's petition also fails to state a claim upon which relief can be granted if this Court considers the averments on their merits. The Plaintiff's claims each turn upon a misinterpretation or misapplication of federal law — which, when interpreted and applied correctly, defeats the claims.

A.     **Target's credit reporting was not an act of debt collection.**

The Plaintiff's claims all complain that Target's credit-reporting activity was unlawful — either under the Bankruptcy Code or under the Fair Credit Reporting Act — because it didn't properly reflect his discharge in bankruptcy, and therefore amounted to "debt collection activity . . . despite the fact that the account was discharged."[50] But Target's credit reporting was *not* an act of debt collection, and courts around the nation have repeatedly rejected claims of the kind that the Plaintiff is making here. For example, less than a year ago, in *In re Mahoney*,[51] the United States Bankruptcy Court for the Western District of Texas, after an extensive review of applicable precedents, rejected a debtor-plaintiff's argument "that making a credit report *is itself*

---

[48]*See* Order Discharging Debtor, *In re Perrin*, Case No. 04-42095 (N.D. Tex. Bankr. May 27, 2004) [Pl.'s Original Pet., Ex. A].

[49]*See Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 508–10 (9th Cir. 2002) ("we cannot say that Congress intended to create a private right of action under [11 U.S.C.] § 524, and we shall not imply one"); *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 421 (6th Cir. 2000) ("the traditional remedy for violation of an injunction lies in contempt proceedings, not in a lawsuit [for money damages]"), *quoted in Walls*.

[50]Pl.'s Original Pet., ¶ 15 at 4.

[51]368 B.R. 579 (W.D. Tex. 2007).

an act to collect a debt"[52] and concluded that "reporting of a debt to a credit reporting agency —

without any evidence of harassment, coercion, or some other linkage to show that the act is one

likely to be effective as a debt collection device — fails to qualify on its own as an 'act' that

violates" a discharge injunction.[53] The Plaintiff here is making exactly the argument that the

plaintiff in *Mahoney* made, and which the *Mahoney* court — and many other courts around the

nation[54] — soundly rejected.

Target's credit reporting was not an act of debt collection. Target therefore violated

neither the Bankruptcy Code nor the Fair Credit Reporting Act, and thus cannot have violated the

Texas Finance Code or breached any common-law duty to the Plaintiff, by its credit-reporting

activity. The complaint accordingly fails to state a claim upon which relief can be granted.

---

[52]*Id.* at 585 (court's emphasis).

[53]*Id.* at 589.

[54]*See, e.g.*, *In re Mogg*, 2007 WL 2608501, at *4 (S.D. Ill. Bankr. Sept. 5, 2007) (citing *Mahoney*); *In re Jones*, 367 B.R. 564, 569 (E.D. Va. Bankr. 2007) ("The reporting of a delinquent debt to a credit reporting agency is not inherently an act to collect a debt but rather to share information relative to credit granting decisions."); *In re Reeves*, 369 B.R. 338, 339 (N.D. Ohio Bankr. 2007) ("this Court rejected the contention that the mere act of continuing to report a debt as due and owing in a credit report constituted a compensable violation of bankruptcy law. Therefore, regardless of the veracity of the Plaintiff's allegations, as well as the Defendant's denials thereto, the Plaintiff has failed to state a claim upon which relief can be granted."); *In re Irby*, 337 B.R. 293, 295–96 (N.D. Ohio Bankr. 2005) ("it is difficult to discern how . . . the sole act of reporting a debt, whose existence was never extinguished by the bankruptcy discharge, violates the discharge injunction. . . . . the reporting of the debt will not likely run afoul with the discharge injunction unless it is also coupled with other actions undertaken by the creditor to collect or recover the debt"); *In re Miller*, 2003 WL 25273851, at *2 (D. Idaho Bankr. Aug. 15, 2003); *In re Vogt*, 257 B.R. 65, 70–71 (D. Colo. Bankr. 2000) ("The creditor was under no obligation under the Bankruptcy Code to change the way it reported the status of the loan. False reporting, if not done to extract payment of the debt, is simply not an act proscribed by the Code."); *see generally* Debra Lee Hovatte, *Sommersdorf's Progeny: Can Wrong Credit Report Trigger a Debtor Claim Under the Code?*, Am. Bankr. Inst. J. 14 (2007).

B. **Target's lack of malice preempts the claim for defamation.**

Finally, the complaint argues that "15 U.S.C. § 1681t(b)(1)(F) does not preclude or preempt Plaintiff's state law claim for defamation under Texas law."[55] The Plaintiff probably means section 1681h(e), which relates to state-law claims for defamation, and provides that

> no consumer may bring any action or proceeding in the nature of defamation . . . with respect to the reporting of information against . . . any person who furnishes information to a consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer.[56]

The Plaintiff has peppered his complaint with averments about Target's state of mind,[57] presumably in order to bring his claims within the exception to the statutory prohibition against "any action or proceeding in the nature of defamation."

But if Target acted lawfully, which it did — that is, if Target's credit-reporting activity did not amount to an attempt to collect a debt in violation of either the Bankruptcy Code or the Fair Credit Reporting Act — then the averments of malice fail as a matter of law, and section 1681h(e) preempts the claim for defamation. This Court (with Judge Buchmeyer presiding) has so held even where a creditor kept reporting a charged-off account even after the debtor disputed the report.[58] Here, the Plaintiff never disputed the information that Target furnished to the

---

[55]Pl.'s Original Pet., ¶ 70 at 15.

[56]15 U.S.C. § 1681h(e) (limitation of liability).

[57]*See, e.g.*, Pl.'s Original Pet., ¶ 20 at 5 ("intentionally"); *id.*, ¶ 21 at 5 ("intentionally and maliciously"); *id.*, ¶ 24 ("willfully and maliciously"); *id.*, ¶ 25 ("intentionally"); *id.*, ¶ 26 at 7 ("willfully and maliciously"); *id.*, ¶ 27 ("willfully and maliciously"); *id.*, ¶ 28 ("willfully, maliciously, recklessly, wantonly"); *id.*, ¶ 34 at 8 ("willfully and maliciously"); *id.*, ¶ 35 at 9 ("malicious and intentional"); *id.*, ¶ 36 ("intended"); *id.*, ¶ 37 ("knows and intends . . . willfully and maliciously"); *id.*, ¶ 38 ("intentionally and knowingly"); *id.*, ¶ 39 ("willfully, maliciously, recklessly, wantonly"); *id.*, ¶ 41 at 10 ("with malice . . . wantonly, recklessly, intentionally or willfully, and . . . with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff"); *id.*, ¶ 49 at 11 ("knowingly and deliberately"); *id.*, ¶ 66 at 14 ("intentionally").

[58]*Maloney v. LVNV Funding LLC*, 2006 WL 3006484, at *3 (N.D. Tex. Oct. 20, 2006) (Buchmeyer, J.) (rejecting plaintiff's argument that "continued reporting of the accounts as open and late, despite [plaintiff's] dispute notifications, necessarily constitutes malice").

consumer reporting agencies, so Target never enjoyed the notice and opportunity to cure that the Fair Credit Reporting Act contemplates. Target's lack of malice preempts the claim for defamation.

## Conclusion

The Plaintiff's claims each turn upon a misinterpretation or misapplication of federal law — which, when interpreted and applied correctly, defeats the claim. But before the Court reaches those claims on their merits, several threshold issues defeat the claims under the Supremacy Clause. The Fair Credit Reporting Act preempts the Plaintiff's state-law claims, and the inquiry should end there. But even if federal law didn't preempt those claims (which it does), the Plaintiff could not pursue those claims in a civil action, because the Fair Credit Reporting Act provides for administrative enforcement as the exclusive remedy for Target's alleged violations. And the claims for violation of the discharge injunction belong in bankruptcy court.

The complaint fails to state a claim upon which relief can be granted. The Plaintiff's claims all complain that Target's credit-reporting activity was unlawful because it didn't properly reflect his discharge in bankruptcy, and therefore amounted to "debt collection activity . . . despite the fact that the account was discharged." But Target's credit reporting was *not* an act of debt collection, and courts around the nation have repeatedly rejected claims of the kind that the Plaintiff is making here. And if Target acted lawfully, which it did, then the averments of malice fail as a matter of law, and the Fair Credit Reporting Act preempts the claim for defamation.

Therefore, Target respectfully asks that this Court dismiss this action for failure to state a claim upon which relief can be granted.

February 1, 2008.

Respectfully submitted,


_____/S/ Marcy E. Kurtz_____
Marcy E. Kurtz
Texas Bar No. 11768600
Andrew W. Zeve
State Bar No. 24042209

BRACEWELL & GIULIANI LLP
South Tower Pennzoil Place
711 Louisiana, Suite 2300
Houston, Texas   77002
(713) 223-2300 (Telephone)
(713) 221-1212 (Telecopier)

Morgan D. Meyer
State Bar No. 24013161

BRACEWELL & GIULIANI LLP
1445 Ross Avenue, Suite 3800
Dallas, Texas 75202-2711
Telephone: (214) 758-1069
Telecopier: (214) 758-8349

in association with

FAEGRE & BENSON LLP
Brian Melendez,
No. 223633 (Minn.)
bmelendez@faegre.com
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Ph. 612.766.7309
Fax 612.766.1600

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on counsel of record on this the 29th day of January, 2008.

_____/s/ Marcy E. Kurtz_____
Marcy E. Kurtz

fb.us.2556240.01

16